# UNITED STATES DISTRICT COURT
## In and for the DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL V. PRESNICK | : CIVIL ACTION |
| Plaintiff, | : #02-CV-1657 |
| Vs. | |
| SUSAN BYSIEWICZ, Secretary of | |
| the State of Connecticut, defendant : | November 17, 2003 |

### OBJECTION TO THE DEFENDANT'S MOTION TO DISMISS

The plaintiff hereby objects to the defendant's motion to dismiss dated September 7, 2003 for the reasons stated in his memorandum of law dated November 17, 2003, which is attached hereto and incorporated by reference into this objection.

### CERTIFICATION

I hereby certify that a copy of the foregoing has been sent to all counsel of record in accordance to F.R.Civ.P. §4 on November 17, 2003:

Robert J. Deichert, A.A.G.   55 Elm Street Tel: (860) 808-5020
P.O. Box # 120              Fax: (860) 808-5347
Hartford, CT 06141-5020     e-mail: Robert.Deichert@po.state.ct.us

_____
Daniel V. Presnick


To:  Clerk of the Federal Court
     141 Church Street
     New haven, CT 06477


[-1-]

## MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS AND IN SUPPORT OF HIS OBJECTION TO SAID MOTION TO DISMISS THUS ACTION UNDER FRCP §12(b)

The facts as stated by the plaintiff are not being disputed although some of the "facts" appear to be irrelevant and immaterial and indented only to prejudice the court against the plaintiff, but the plaintiff is confident that such legal tactic will be futile and will discuss them no more.

### MOOTNESS/STANDING

Of course the "issue" of placing me on the ballot for last year election is moot. (Does that even have to be stated?) The real issue which the defendant is avoiding is: Does a possible candidate have extra access to the ballot in an OPE[1] other than through statutory means?

This same issue of standing/mootness was adjudicated by the United States Supreme Court in the landmark case of Roe v.Wade, 410 U.S. 113 (1973) in which the Court held that a pregnant woman had standing to litigate under the "capable of repetition, yet evading review." An exception to the usual federal rule that an actual controversy must exist at review stages and not simply when the action is initiated.

> Viewing Roe's case as of the time of its filing and thereafter until as late as May, there can be little dispute that it then presented a case or controversy and that, wholly apart from the class aspects, she, as a pregnant single woman thwarted by the Texas criminal abortion laws, had standing to challenge those statutes. Abele v. Markle, 452 F.2d 1121, 1125 (CA2 1971); Crossen v. Breckenridge, 446 F.2d 833, 838-839 (CA6 1971); Poe v. Menghini, 339 F.Supp. 986, 990-991 (Kan. 1972). See Truax v. Raich, 239 U.S. 33 (1915). Indeed, we do not read the appellee's brief as really asserting anything to the contrary.

---

[1] One-Person "Election".

The "logical nexus between the status asserted and the claim sought to be adjudicated," <u>Flast</u> v. <u>Cohen</u>, 392 U.S., at 102, and the necessary degree of contentiousness, <u>Golden</u> v. <u>Zwickler</u>, 394 U.S. 103 (1969), are both present.

The appellee notes, however, that the record does not disclose that Roe was pregnant at the time of the District Court hearing on May 22, 1970, 6 or on the following June 17 when the court's opinion and judgment were filed. And he suggests that Roe's case must now be moot because she and all other members of her class are no longer subject to any 1970 pregnancy.

The usual rule in federal cases is that an actual controversy must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated. <u>United States</u> v. <u>Munsingwear, Inc.</u>, 340 U.S. 36 (1950); <u>Golden</u> v. <u>Zwickler</u>, supra; <u>SEC</u> v. <u>Medical Committee for Human Rights</u>, 404 U.S. 403 (1972).

But when, as here, pregnancy is a significant fact in the litigation, the normal 266-day human gestation period is so short that the pregnancy will come to term before the usual appellate process is complete. If that termination makes a case moot, pregnancy litigation seldom will survive much beyond the trial stage, and appellate review will be effectively denied. Our law should not be that rigid. Pregnancy often comes more than once to the same woman, and in the general population, if man is to survive, it will always be with us. Pregnancy provides a classic justification for a conclusion of nonmootness. It truly could be "capable of repetition, yet evading review." <u>Southern Pacific Terminal Co.</u> v. <u>ICC</u>, 219 U.S. 498, 515 (1911). See <u>Moore</u> v. <u>Ogilvie</u>, 394 U.S. 814, 816 (1969); <u>Carroll</u> v. <u>Princess Anne</u>, 393 U.S. 175, 178-179 (1968); <u>United States</u> v. <u>W. T. Grant Co.</u>, 345 U.S. 629, 632-633 (1953).

We, therefore, agree with the District Court that Jane Roe had standing to undertake this litigation, that she presented a justifiable controversy, and that the termination of her 1970 pregnancy has not rendered her case moot.

Given the short time of an election, it would not be practical to require that the issue be settled within a single election cycle

[-3-]

Just as in Roe v. Wade, 410 U.S. 113 (1973), this matter falls under the "capable of repetition, yet evading review," which is an exception to the usual federal rule that an actual controversy must exist at review stages and not simply when the action is initiated

### THE PLAINTIFF STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER F.R.Civ.P §{12(b).

Applying Bork's Postulate[2] to numerous provisions to both the Connecticut Constitution (See Article One, §2)[3] and United States Constitution the concept of a fair, free and impartial election must be inferred. The right to ballot access is implied in the concept of a fair and free election. Just as the right to free speech and a free press can be inferred from the fact that Representatives were elected to office and not appointed. OPE do not serve the interest of the voters.

The plaintiff is seeking an order from this court that would allow him, as the only person willing to challenge an incumbent, access to the ballot. The State of Connecticut may have a role as a gate-keeper to prevent an excessive number of candidates from running, but it also has a responsible to limit the number of OPE under our constitutional democracy. Allowing the plaintiff to run turn an OPE into a meaningful, constitutional exercise which should and must be encouraged. This matter should be allowed to proceed to its legal conclusion. _/s/ Daniel V. Presnick_ Daniel V. Presnick

---

[2] **Bork's Postulate:** "The recognition, identification or creation of an express right implicitly creates, by necessity, all inherent ancillary rights, of equal rank, needed to effectuate the principle right." Named after Justice Bork of the D.C. Circuit.

[3] Article One, §2 of the Connecticut Constitution: "All political power is inherent in the people and all free governments are founded on their authority, and instituted for their benefit; and they have at all times an undeniable and indefeasible right to alter their form of government in such manner as they may think expedient."