UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL V. PRESNICK<br>*Plaintiff* | : | CIVIL ACTION NO.<br>02-CV-1657 (GLG) |
| v. | : | |
| SUSAN BYSIEWICZ, Secretary of the<br>State of Connecticut<br>*Defendant* | :<br>:<br>: | November 25, 2003 |

## DEFENDANT SECRETARY OF THE STATE SUSAN BYSIEWICZ'S REPLY TO THE PLAINTIFF'S OBJECTION TO THE DEFENDANT'S MOTION TO DISMISS

In his opposition to the defendant's motion to dismiss, the plaintiff—a disbarred attorney appearing pro se[1]—reiterates the issue he raises in this action: "Does a possible candidate have extra access to the ballot in an [one person election] other than through statutory means?" Plaintiff's Memo. in Opposition to the Defendant's Motion to Dismiss, at 2. In so doing, the plaintiff makes clear that he seeks to have this Court create by federal judicial fiat a means for individuals who refuse to follow the statutory procedures to obtain access to the ballot where there happens to be only one candidate who has complied with the law. Even cursory consideration makes clear that the plaintiff's claim lacks any substance and is insufficient to invoke the jurisdiction of this court. The plaintiff has not pointed to a single case or legal proposition to support his claim. That is not surprising, given that the proposition he seeks to have this Court endorse would wreak havoc on state election law.

This court also lacks jurisdiction over the plaintiff's claims because they are moot. Although the plaintiff seeks to take advantage of the narrow exception for claims

---

[1] As the defendant noted in her earlier memorandum, the plaintiff's status as a disbarred attorney means that he is not entitled to the leniency ordinarily afforded pro se litigants. See, e.g., Bertucci v. Brown, 663 F. Supp. 447, 449 (E.D.N.Y. 1987).

capable of repetition yet evading review, that exception is available only under extraordinary circumstances and is inapplicable here. There is nothing in the nature of the plaintiff's claims precluding them from being resolved. More fundamentally, the plaintiff can do no more than speculate that his claim will arise again. Therefore, this Court lacks subject matter jurisdiction and the complaint should be dismissed.

## I. The Plaintiff's Complaint is "Plainly Unsubstantial" and Cannot Support Federal Jurisdiction or, in the Alternative, Fails to State a Claim on Which Relief May Be Granted

It is well-established that "[f]ederal subject matter jurisdiction does not exist 'where the claim set forth in the pleading is plainly unsubstantial,' a category that includes claims that are 'obviously without merit.'" Dunton v. County of Suffolk, 729 F.2d 903, 910 (2d Cir. 1984), quoting Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105 (1933). The test is whether the plaintiff's claims are "so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court. . ." Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974); see also West Hartford v. Operation Rescue, 915 F.2d 92, 99-100 (2d Cir. 1993). The plaintiff's claims clearly fall within that category.

The plaintiff has failed to cite any law to rebut the defendant's argument that his federal claim is so lacking in substance that it cannot support federal jurisdiction. That is not surprising, given that the plaintiff's claim is completely devoid of merit. The support and timing requirements imposed by the Connecticut statutes are "'markedly more favorable' to the potential candidate than are constitutionally required." Fishman v. Schaffer, 429 U.S. 1325, 1325 (1976) (Marshall, J., sitting as Circuit Justice); compare

2

Jenness v. Fortson, 403 U.S. 431, 432, 442 (1971) (upholding Georgia statute requiring prospective candidate to file "a nominating petition signed by at least 5% of the number of registered voters at the last general election for the office in question") with Conn. Gen. Stat. § 9-453d(1) (requiring filing of a petition signed by a number of electors equal to at least "one percent of the votes cast for the same office or offices at the last-preceding election . . ."). The plaintiff has pointed to nothing to support his claim that those requirements somehow become unconstitutionally burdensome when only one candidate chooses to comply with them.

"There is surely an important state interest in requiring some preliminary showing of a significant modicum of support before printing the name of a political organization's candidate on the ballot -- the interest, if no other, in avoiding confusion, deception, and even frustration of the democratic process at the general election." Jenness, 403 U.S. at 442. It is difficult to imagine a system more inimical to that interest than the system the plaintiff advocates. It would allow individuals—like the plaintiff—who have made absolutely no showing of popular support to enter the race to the detriment of the individual who has obeyed the law and demonstrated such support. Moreover, it would allow any number of individuals without public support to become candidates in the time period immediately before the election, thereby causing confusion and frustrating the democratic process.

The plaintiff's claim is devoid of merit and does not support the exercise of federal jurisdiction. For the same reasons, it fails to state a claim on which relief may be granted and should be dismissed if the court concludes that it has jurisdiction.

## II. The Plaintiff's Claim is Moot and Not "Capable of Repetition Yet Evading Review"

Even if the plaintiff's claim had some merit—which it does not—the mootness doctrine precludes this Court from exercising jurisdiction over his claim. The plaintiff acknowledges that the mootness doctrine applies but contends that the Court may nevertheless exercise jurisdiction over his claim because it is capable of repetition yet evading review. That argument must fail.

The exception to the constitutional mootness doctrine for disputes capable of repetition yet evading review is "available 'only in exceptional situations.'" Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 71 (2d Cir. 2001), quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983). Two circumstances must co-exist for the exception to apply: (1) the challenged action must be, by its nature, too short to be fully litigated prior to the claim becoming moot and (2) there must be a reasonable expectation—more than just a speculative and theoretical assertion—that the issue in dispute will be repeated. See Spencer v. Kemna, 523 U.S. 1, 17 (1998); Van Wie v. Pataki, 267 F.3d 109, 113 (2d Cir. 2001). Neither of those circumstances are present here.

First, there is nothing in the nature of the plaintiff's claims that rendered them incapable of being resolved before the election was complete. At the very latest, the plaintiff became aware that he would not comply with the statutory deadline on August 7, 2002, when the deadline arrived and he did not file a single signature. Had he acted promptly, he would have had almost three months before the November 5, 2002 election within which to pursue his claim. That could have been sufficient time to litigate his claim, particularly on an expedited basis. Cf. Freedom Party of N.Y., 77 F.3d at 663 (indicating the exception did not apply where there was no reason why issue could not be

4

fully litigated in several months). There is nothing in the nature of the plaintiff's claim preventing it from being litigated.

More fundamentally, the plaintiff's claims are not capable of repetition for mootness purposes. For the plaintiff to meet his burden on this part of the test, he must demonstrate a "reasonable expectation" that this precise issue will arise again—a mere speculative and theoretical assertion is not enough. See Spencer, 523 U.S. at 17; Van Wie, 267 F.3d at 114. The plaintiff cannot satisfy that burden.

The plaintiff claims that the statute "as applied to a one-person 'election' is unconstitutional under the First and Fourteenth Amendment [sic] to the Constitution of the United States." Compl. at 2 (footnote omitted). He can do no more than speculate that his claim will repeat itself. At the outset, the plaintiff must choose to run again and again fail to meet the deadline imposed by law, thereby being kept off the ballot.[2] However, that alone is not enough. For his claim to arise again, the incumbent must again run unopposed. No one, including the plaintiff, can predict when or if that will happen. Any attempt by the plaintiff to do so is pure speculation and does not satisfy his burden of showing a reasonable expectation that his claim will recur.[3] Therefore, the plaintiff's claims are not capable of repetition, yet evading review and this Court lacks subject matter jurisdiction.

---

[2] Indeed, it is unclear if Plaintiff can avoid a finding of mootness by asserting that he will deliberately fail to meet the statutory requirements in the future. Cf. Spencer, 523 U.S. at 14-15 (declining to find collateral consequences where Petitioner was precluded by law from allowing them to occur). He has complete control over whether he meets the deadline, as he has several times in the past.

[3] As discussed in detail in the defendant's September 3, 2003 memorandum of law in support of her motion to dismiss, the plaintiff also lacks standing due to the speculative nature of his claims.

5

## III. Conclusion

For the foregoing reasons and those stated in her September 3, 2003 memorandum of law in support of her motion to dismiss, the defendant respectfully requests that this Court dismiss the plaintiff's complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted.

DEFENDANT

SECRETARY OF THE STATE
SUSAN BYSIEWICZ

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert J. Deichert
Assistant Attorney General
Federal Bar Number CT24956
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel.: (860) 808-5020
Fax: (860) 808-5347
Robert.Deichert@po.state.ct.us

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first class postage prepaid, this 25th day of November, 2003 to:

Daniel Presnick
760 Riverside Drive
Orange, CT 06477-1727


Robert J. Deichert
Assistant Attorney General