UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

--------------------------------x
                                :
DANIEL V. PRESNICK              :
                                :
          Plaintiff,            :
                                :      3:02 CV 1657(GLG)
v.                              :
                                :
SUSAN BYSIEWICZ, SECRETARY OF   :
THE STATE OF CONNECTICUT        :
                                :
          Defendant.            :
                                :
--------------------------------x

### RULING ON DEFENDANT'S MOTION TO DISMISS

        Pending before the court is defendant's motion to
dismiss all claims asserted by plaintiff Daniel V. Presnick
in his complaint. For the reasons stated below, the court
**grants** defendant's motion to dismiss (**Doc. #7**).

### I. Procedural History and Facts

        On September 18 2002, plaintiff Daniel V. Presnick
["Presnick"], acting pro se, filed a two-count complaint
against Susan Bysiewicz, the Secretary of the State of
Connecticut. Plaintiff, founder of the Orange [CT] Taxpayers'
Party, alleges that defendant, in her official capacity,
wrongfully denied plaintiff a place on the ballot for
election in the 114th Representative District, where the
incumbent ran unopposed. Plaintiff also alleges that
statutes, which he does not specify, as applied to one-person
elections, are unconstitutional under the First and

1

Fourteenth Amendments to the United States, and are in violation of Article One, § 2 and § 14 of the Constitution of the State of Connecticut.

Plaintiff seeks, inter alia, an order from the court placing his name on the ballot under the designation of "The Orange Taxpayers' Party," a determination of the constitutionality of the election statutes, and an award under 42 U.S.C. § 1988.

## II. Standard of Review

In deciding a motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See* Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1991), *cert. denied*, 504 U.S. 911 (1992). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957)(footnote omitted). The issue on a motion to dismiss "is not whether the plaintiff will prevail, but whether he is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citation omitted).

While pro se complaints are held to less exacting standards than pleadings drafted by lawyers, plaintiff, a former attorney, is not entitled to the considerations

2

accorded a typical pro se plaintiff. *See* <u>Bertucci v. Brown</u>,
663 F.Supp. 447, 449 (E.D.N.Y.1987).

## III. Discussion

In defendant's memorandum of law in support of her
motion to dismiss, defendant argues that the court lacks
subject matter jurisdiction over plaintiff's claims because
plaintiff's demand that he be placed on the ballot is moot,
that plaintiff lacks standing to obtain a determination of
the constitutionality of the challenged statutes, that each
of his claims are unsubstantial and that the complaint fails
to state a claim upon which relief may be granted. (Def.'s
Mem. at 2-3).

Defendant maintains that plaintiff filed an Application
for Nominating Petition with defendant's office on August 5,
2002, two days before the August 7, 2002, deadline for
completed petitions for the November 5, 2002, election.
Defendant claims that plaintiff failed to submit sufficient
signatures as required by Conn. Gen. Stat. § 9-453d(1)[1] by
the aforementioned August 7, 2002, deadline, and, as a
result, was not placed on the November 5, 2002, ballot.
Defendant notes that the applications for nominating

---

[1] Conn. Gen. Stat. § 9-453d provides in relevant part: Each
petition shall be signed by a number of qualified electors equal to
the lesser of (1) one per cent of the votes cast for the same office
or offices at the last-preceding election, or the number of qualified
electors prescribed by section 9-380 with regard to newly-created
offices, or (2) seven thousand five hundred.

3

petitions were available on January 2, 2002, pursuant to
Conn. Gen. Stat. § 9-453b[2].

The mootness doctrine is derived from Article III of the
Constitution, which provides that federal courts may decide
only live cases or controversies. Irish Lesbian and Gay Org.
v. Giuliani, 143 F.3d 638, 647 (2d Cir.1998). "This case-or
controversy requirement subsists through all stages of
federal judicial proceedings, trial and appellate." Knaust v.
City of Kingston, 157 F.3d 86, 88 (2d Cir.1998), *cert.
denied*, 526 U.S. 1131 (1999). "A case becomes moot when
interim relief or events have eradicated the effects of the
defendant's act or omission, and there is no reasonable
expectation that the alleged violation will recur." Irish
Lesbian and Gay Org., 143 F.3d at 647.  The court concludes
that this matter is moot because the October 2002 election,
in which plaintiff sought to participate, has passed.

However, as plaintiff argues, an otherwise moot case may
still be justiciable if the underlying dispute is "capable of
repetition, yet evading review." Knaust, 157 F.3d at 88
(internal quotation marks and citation omitted). This
exception applies "only in exceptional situations." Dennin v.
Conn. Interscholastic Athletic Conference, Inc., 94 F.3d 96,

---

[2] Conn. Gen. Stat. § 9-453b provides in relevant part: The
Secretary of the State shall not issue any nominating petition forms
for a candidate for an office to be filled at a regular election to be
held in any year prior to the first business day of such year. . . .

101 (2d Cir.1996) (internal quotation marks and citation omitted). In the absence of a class action, a controversy is capable of repetition, yet evading review where both of the following two requirements are met: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam). The first requirement is met here; therefore, the court turns its attention to whether there is a reasonable expectation that plaintiff will be prohibited from participating in a future election.

There is a split of authority among the courts in their application of the second prong of the Weinstein test in the elections context. Some recent election cases from the Supreme Court and the Court of Appeals for the Second Circuit have steadfastly required that the same complaining party have a reasonable expectation that they will face the same action again. See Norman v. Reed, 502 U.S. 279, 288 (1992) (holding that appeal was not moot despite the fact that the election had passed, because "[t]here would be every reason to expect the same parties to generate a similar, future controversy"); Ill. State Bd. of Elections v. Socialist Workers Party, 440 U.S. 173, 187-88 (1979) (in a case challenging certain actions taken by the Illinois State Board

5

of Elections, concluding that the case was moot after the election was completed because there was "no evidence creating a reasonable expectation that the [Board of Elections] will repeat its purportedly unauthorized actions in subsequent elections"); <u>Lerman v. Board of Elections in City of New York</u>, 232 F.3d 135, 141 (2d Cir. 2000), *cert. denied,* 533 U.S. 915 (2001) (holding that election case was not moot after election because "there is a reasonable expectation that the same complaining parties would be subject to that same action in the future").

However, other cases have not applied the same complaining party requirement in such a stringent manner. *See* <u>Storer v. Brown</u>, 415 U.S. 724, 737 n. 8 (1974) (failing to evaluate the same party requirement in the context of an election case, even in the absence of a class action, and concluding that the case was not moot); <u>Rosario v. Rockefeller</u>, 410 U.S. 752, 756 n. 5 (1973) (concluding that plaintiffs' class action challenge to New York's Election Law was capable of repetition yet evading review, although primary election had passed and the petitioners would be eligible to vote in the next primary); <u>Dunn v. Blumstein</u>, 405 U.S. 330, 333 n. 2 (1972) (in challenge to a provision of Tennessee's election law, concluding that, although plaintiff would be eligible to vote in the next election, the controversy was capable of repetition yet evading review);

6

<u>Fulani v. League of Women Voters Educ. Fund</u>, 882 F.2d 621, 628 (2d Cir.1989) (holding that plaintiff's claims were not moot although the election was over, because the same issues would affect "minor-party candidacies" in the future).

This court adopts the approach of the former cases. "In the absence of a class action, we deem capable of repetition to mean that there is a reasonable expectation that the same complaining party would be subjected to the same action again, the appellant must show that these same parties are reasonably likely to find themselves again in dispute over the issues raised in this appeal." <u>Dennin</u>, 94 F.3d at 101 (internal quotation marks and citation omitted). Many Supreme Court cases have rejected the application of the "capable of repetition, yet evading review" exception in the face of the complaining party's speculative and theoretical assertion that the issue in dispute was capable of repetition. *See, e.g.*, <u>Murphy v. Hunt</u>, 455 U.S. 478, 482-83 (1982) (per curiam); and <u>Ill. State Bd. of Elections</u>, 440 U.S. at 187-88 (1979). "[M]ere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence."

Thus, applying this standard, the court concludes that the second criterion of this "capable of repetition, yet evading review" exception to the mootness doctrine is not met in this case. Plaintiff has not adequately demonstrated that

7

he will again run for office, that he will be the only
candidate running against an otherwise unopposed incumbent,
and that plaintiff will fail to fulfill the petition
requirements pursuant to § 9-453d. Therefore, the court lacks
subject matter jurisdiction and will not address defendant's
other arguments. Accordingly, the court grants defendant's
motion to dismiss.

<u>      </u>        <u>IV. Conclusion</u>

    For the reasons stated above, the court **grants**
defendant's Motion to Dismiss (**Doc. #7**) on all counts of
plaintiff Presnick's complaint.


                    SO ORDERED.


Date: December 22, 2003
      Waterbury, Connecticut.


                              /s/
                         _____
                         GERARD L. GOETTEL,
                         United States District Judge

8